Filed 12/30/14  In re Jacob T. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JACOB T., a Person Coming Under the Juvenile Court Law. | B256542<br>(Los Angeles County<br>Super. Ct. No. VJ44027) |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JACOB T.,<br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Fumiko Hachiya Wasserman, Judge.  Affirmed.

Anthony W. Tahan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A Welfare and Institutions Code section 602 petition filed January 14, 2014 alleged that on or about October 8, 2013, Jacob T., then 13 years old, committed vandalism in violation of Penal Code section 594 subdivision (a). Jacob T. denied the charge.

At the adjudication hearing, Curtis Duran testified that he taught earth science at Jacob T.'s high school. On October 8, 2013, he arrived at school before classes began and as was his custom, he checked his classroom for tagging.

Jacob T. was a student in Duran's second period class. When second period began, the students came in and took seats, and Duran then told them to grab their stuff and go to the back of the room so he could seat them in new seats. Jacob T. was standing in the right-hand corner talking and not paying attention, so Duran told him to move, and Jacob T. moved over to the left hand side by some cabinets. Duran began to call the students' names one by one, and he noticed Jacob T. crouched down with his back to Duran and facing a cabinet toward the wall. Duran thought Jacob T. was picking something up or putting something in his backpack; he could not see what Jacob T. was doing with his hands. When Duran called Jacob T.'s name, he got up and took a seat. After second period, Duran patrolled the classroom and noticed the word "bitch" written twice on the cabinet in front of which Jacob T. had been crouched down.

Jacob T.'s father testified that although he had never discussed it directly with Jacob T., it was an "unspoken rule" that he should not deface other people's property.

The defense made a motion to dismiss under *In re Gladys R.* (1970) 1 Cal.3d 855, 858, 862.) The prosecutor argued that Jacob T. knew he was not supposed to deface other people's property and the elements of the offense had been met. Defense counsel argued that there was no evidence that Jacob T. wrote on the wall, and that the prosecution had not proven that Jacob T. knew his conduct was wrong. The court denied the motion.

Jacob T. testified that when Duran was changing the seats, he saw "skinny, skinny writing" on the cabinet. He had gone over to the cabinet to get his backpack, but he never wrote on it. On cross-examination, he admitted he had been upset with Duran.

2

In closing, the defense argued there was no evidence beyond a reasonable doubt that Jacob T. wrote on the cabinet. The prosecution argued that Duran testified that he checked the classroom every day and had done so before second period, Jacob T. had been upset with Duran, and had crouched in front of the cabinet. The court found Duran credible and Jacob T. not credible, found the allegation true, and sustained the petition. The court placed Jacob T. on probation under Welfare and Institutions Code section 725, subdivision (a) and ordered him to pay restitution.

Jacob T. filed a timely appeal. We appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently. On September 25, 2014, we advised Jacob T. he had 30 days in which to submit personally any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record, and we are satisfied that Jacob T.'s counsel on appeal has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.